IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

ROBERT INGRAM and SAMONE INGRAM,

Plaintiffs,

v. Case No. 1:25-cv-01184-JDB-jay

ERICA REED, *et al.*,

Defendants.

ORDER DEEMING PLAINTIFFS' UNTIMELY OBJECTIONS TO REPORT AND RECOMMENDATION WAIVED
AND
DENYING AS MOOT MOTIONS FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND TO STAY PROCEEDINGS

On October 14, 2026, United States Magistrate Judge Jon A. York, pursuant to Administrative Order 2013-05, entered a report recommending that the motion of the Defendants to dismiss the complaint be granted and Plaintiffs' motion for leave to amend be denied (the "R&R"). (Docket Entry ("D.E.") 31.) The R&R informed the Plaintiffs that "[f]ailure to file objections [to the R&R] within fourteen [] days may constitute waiver and/or forfeiture of objections, exceptions, and further appeal." (*Id.* at PageID 149.) No objections were timely filed. In an order entered November 9, 2026, this Court adopted the R&R (D.E. 32) and judgment was entered the same day (D.E. 33). A flurry of filings by the Plaintiffs ensued, including a motion for leave to file an amended complaint (D.E. 36), a motion to stay these proceedings to allow them to obtain counsel (D.E. 37), and a document "opposing" the R&R (D.E. 38), filed November 12, 2026.

Title 28 U.S.C. § 636, Rule 72(b)(3) of the Federal Rules of Civil Procedure, and LR 72.1(g)(2) require the Clerk to serve a copy of a magistrate judge's report and recommendation to

all parties. *See* 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b)(1), LR 72.1(g)(2). Such service is to be effected pursuant to Fed. R. Civ. P. 5(b). Fed. R. Civ. P. 72(b)(1). Rule 5(b)(2)(C) provides that a paper is "served" by "mailing it to the person's last known address—in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C). The Clerk's office would have mailed the R&R to the Plaintiffs the day after it was docketed—October 15, 2026. Fourteen days later would have been October 29, 2026. "When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), . . . 3 days are added after the period would otherwise expire." Fed. R. Civ. P. 6(d). Adding the three days for mailing, the deadline for Plaintiffs' objections was November 1, 2026, which was a Sunday. Under Fed. R. Civ. P. 6(a)(1)(C), "if the last day [of the period] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." The next day that was not a Saturday, Sunday, or legal holiday was Monday, November 2, 2026. The objections, filed ten days later, were untimely and are deemed waived. *See Betts v. Tsys Global Payments*, No. 3:25-cv-00609, 2026 WL 49629, at *4 (M.D. Tenn. Jan. 7, 2026) (by failing to timely object to the magistrate judge's R&R, parties waive their right to further review of the R&R by the district court).

Because no timely objections were filed, the Court adopted the R&R and entered judgment. The Plaintiffs' untimely objections are waived. The motions filed subsequent to the entry of judgment (D.E. 36, 37) will not be considered by the Court and are DENIED as moot.

IT IS SO ORDERED this 20th day of November 2026.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE